# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,
:
    Plaintiff,      Case No. 3:99-cr-079

:    District Judge Walter Herbert Rice
-vs-      Chief Magistrate Judge Michael R. Merz

TIMOTHY J. STEWART,
:
    Defendant.

## ORDER DENYING MOTION TO AMEND

This case is before the Court on Petitioner's Motion to Amend /Correct his Motion to Vacate pursuant to 28 U.S.C. §2255 (Doc. No. 43).

Petitioner's original Motion to Vacate was recommended for dismissal with prejudice as barred by the statute of limitations in that it was filed more than three years after the conviction became final (Report and Recommendations, Doc. No. 41).  That recommendation is now pending for decision before Judge Rice on Defendant's Objections (Doc. No. 42).

Petitioner moves to amend his Motion to Vacate to make a claim under *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738; 160 L. Ed. 2d 621 (2005), and for ineffective assistance of trial counsel.

The Rules Governing §2255 Motions have no specific rule governing amendments, so the Federal Rules of Civil Procedure are to be applied.  The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178, 93 S. Ct. 227, 9 L. Ed. 2d 222 (1962):

1

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F. 2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F. 2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F. 2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F. 2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F. 2d 21, 23 (6th Cir. 1980).

In this case, the amendment would be futile because the claims are still untimely. The ineffective assistance of counsel claim was fully available to the Defendant at the time his case became final and is therefore barred by the one-year statute of limitations. While Booker did create new law with respect to the Sentencing Guidelines, it is not applicable to cases on collateral review, but only to those on direct appeal. *Humphress v. United States*, 398 F. 3d 855 (6th Cir. 2005).

Because the amendment would be futile, the Motion to Amend is denied.

June 1, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge
